# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Demetrius Jarod Smalls,** ) | **Case No. 2:15-cv-4014-MBS-MGB** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Alan Wilson, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Plaintiff Demetrius Jarod Smalls is a state prisoner at Lieber Correctional Institution in South Carolina. He has filed this action *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **dismissed**, with prejudice and without issuance and service of process, for the following reasons:

I. Background

In state court, Plaintiff pleaded guilty on June 26, 2007 to charges of kidnapping, assault and battery with intent to kill, and two counts of armed robbery. He was sentenced to a total of 25 years imprisonment. Since then, Plaintiff has filed numerous related civil cases in this federal judicial district. See D.S.C. Case Nos. 2:15-2782, 2:15-2510, 2:14-3215, 2:14-958, 2:13-3374, and 2:13-2651.

On September 23, 2013, Plaintiff filed a habeas petition, which was denied because: 1) the petition was untimely, and 2) the substantive claims lacked merit. *Smalls v. McFadden*, Case No. 2:13-cv-2651, 2014 WL 3571415 (D.S.C.), *appeal dismissed by* 597 F.App'x 186 (4th Cir. 2015).

On December 4, 2013, Plaintiff filed a §1983 civil rights action seeking monetary damages and declaratory relief against four police officers, based on the traffic stop and arrest that led to his conviction on the above charges. *Smalls v. Owens*, D.S.C. Case No. 13-3374-RMG-BHH. The case was summarily dismissed on several grounds, including that it was untimely.

On March 18, 2014, Plaintiff filed a § 1983 civil rights action against various judges and prosecutors. See Case No. 2-14-cv-958. The Court noted that "this is the third case filed by Plaintiff which directly or indirectly concerns Plaintiff's January 27, 2005 arrest, which ultimately led to his guilty pleas, on June 27, 2007, to two counts of armed robbery, kidnapping, and assault and battery with intent to kill in Charleston County General Sessions Court, and Plaintiff's sentence of twenty-five (25) years imprisonment, which he is currently serving." (DE# 11 at 4, n.2). The case was summarily dismissed as time-barred, on the basis of *Heck v. Humphrey*, and due to judicial and prosecutorial immunity.

On August 11, 2014, Plaintiff filed another civil rights action, again seeking damages and other relief from judges and prosecutors, and also attempting to challenge his conviction. See Case No. 2-14-cv-3215, see DE# 10 (again explaining that such officials were immune from claims for monetary damages). The case was summarily dismissed.

On June 23, 2015, Plaintiff filed another civil action, alleging malfeasance by the prosecutors in his state criminal prosecution. He also alleged a conspiracy between the Court and Attorney General Alan Wilson to deprive Plaintiff of his constitutional rights, but offered no factual details in support. See Case No. 2:15-cv-02510, DE# 13, Order on Motion for Recusal. The case was dismissed as frivolous and for failure to state a claim for which relief may be granted.

On July 15, 2015, Plaintiff filed a successive habeas petition, which was dismissed. See Case No. 2:15-cv-02782.

On September 28, 2015, Plaintiff filed the present action. Having previously filed various unsuccessful civil actions, he attempts to bring a "Criminal Complaint" against the following ten Defendants, listed in the caption as: (1) Alan Wilson; 2); Scarlett Wilson; 3) Tripp Lawton; 4) Linda Lombard; 5) J Al Canon, Jr.;  6) D Peters ; 7) W Dixon; 8)  Richard M Gergel; 9) David Holton; and 10) David Whitten Wolf. (DE# 1). These defendants include prosecutors, judges, law enforcement officers, and his former counsel. Plaintiff seeks to have them all arrested and imprisoned for purported "crimes" against him.

II. Factual Allegations

Plaintiff indicates that he was arrested on January 26 and 27, 2005, by Sheriff J. Al Cannon and Detective D. Peters. In his own words, he contends that:

> By no magistrates having a complaint filed with such courts, to commence a criminal proceeding pursuant to Rule 3, F.R.Crim.P., J. Al Cannon , and D. Peters was (sic) not enforcing and executing an order of a summary court in Charleston County to restrain this crime victims (sic) Liberty of walking away from the implementation of an arrest that was effectuated, in violation of Rules 3 and 4, Fed.R.Crim.P.

(DE# 1 at 2). Plaintiff's "facts" and legal theory are quite difficult to follow. He appears to be arguing that the officers did not have an arrest warrant for him or that they did not arrest him pursuant to a criminal complaint in compliance with Rule 3 of the Federal Rules of Criminal Procedure. Plaintiff then characterizes his arrest, subsequent criminal conviction, and unsuccessful petition for habeas corpus (and any actions connected with the entire legal process in state and federal court) as "crimes" against him. In his own words, Plaintiff alleges that:

> This matter comes before this court on evidence that the following crimes was (sic) committed by the above captioned defendants. The aquisition (sic) of knowledge of such evidence were (sic) discovered on 3-26-13 to 1-10-14 and 1-24-14, of the following criminal offenses that were committed by the above-named defendants…kidnapping…conspiracy to kidnap…obstruction of justice…perjury…conspiracy…conspiracy against rights…extortion…depriving person of civil right 18 U.S.C. §

Page **3** of **12**

>242…barratry…This crime victim files this complaint under Rule 3, F.R. Crim.P. to have arrest warrants issued upon probable cause…such defendants shall be arrested and imprisoned…

(DE# 1 at 1-2).[1]

Plaintiff insists that his "Criminal Complaint" against "the two district judges to be charged federally" is timely. (*Id.* at 3). He then recites language about "crime victim's rights" pursuant to 18 U.S.C. § 3771, which he contends pertains to him. ((DE#1 at 4-5). He points to "the duties of a court in relation to the rights of crime victim in federal habeas corpus proceedings arising out of state court conviction" (*Id.* at 5). He continues, alleging that:

> These federal and state offenses stem from Defendant L. Lombard stating that she had not issued warrants for this crime victim's arrest on January 27, 2005. However, this crime victim was arrested anyway…Additionally, arresting officer D. Peters, had exercised an unauthorized practice of law in arresting Smalls…Therefore, none of the Defendants Alan Wilson, Scarlett Wilson, Tripp Lawton, Linda Lombard, D. Peters, and J. Al Cannon had no jurisdiction to Act, because all prosecuted such cases, in violation of Rules 3 and 4 F.R.Crim.P.

(DE# 1 at 6). Plaintiff alleges that his former counsel "conspired" with these other defendants "to deprive the crime victim of his procedural due process of law right to have the assistance of counsel in such general sessions cases." (*Id*.). Plaintiff also alleges that several federal judges (former United States Magistrate Judge Wallace Dixon and United States District Judge Richard Mark Gergel) "conspired" with the South Carolina Attorney General to deprive plaintiff of his "crime victim rights." He points to the decision in D.S.C. Case No. 2:13-cv-2651 and contends that:

> Both US Judges intentionally, deliberately violated this crime victim's right to Procedural Due Process of law by granting the accused "Summary Judgment" when the law provides …this crime victim to have been granted summary judgment as a matter of law… in such federal habeas proceeding…

---

[1] "Barratry" is defined as "creating legal business by stirring up disputes and quarrels." See http://www.dictionary.law.com.

(*Id.*). Plaintiff concludes his "Criminal Complaint" by stating that he seeks the following relief:

> For the foregoing reasons of these Criminal Acts being Committed by these District Court Judges to evade review & obstruct justice, this "crime victim" is harmed and sought arrest warrants being issued, to arrest all (10) defendants and formally charge such defendants with the outlined federal and state criminal offenses. These ten defendants has (sic) no immunity arising from offices and are subject to not disbarment, but, restitution under 18 U.S.C. § 3771(d). See next page for charges sought against defendants.

(*Id.* at 7, as in original). The next three pages include a long list of purported criminal offenses against Plaintiff by the ten defendants. (DE# 1-1). Plaintiff also attaches his own 13-page "affidavit" in which he further contends that several judges and prosecutors (Dixon, Gergel, and Alan Wilson) "conspired" to deprive him of his rights and subject him to "involuntary servitude" in violation of 18 U.S.C. § 241.

III. Relevant Law

    A.  Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this pro se prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where

the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte "at any time." *Neitzke*, 490 U.S. at 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

B. The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391 (4th Cir.2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id.* at 610. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

IV. Discussion

      A. Plaintiff has No Authority to Bring a Criminal Complaint

In his purported "Criminal Complaint," Plaintiff seeks to have all ten defendants arrested and imprisoned. Based upon his own reading of Rules 3 and 4 of the Federal Rules of Criminal Procedure, Plaintiff attempts to have arrest warrants issued. Plaintiff miscomprehends the legal process of prosecution (or is using the judicial system to vent his anger).[2] Plaintiff has no authority to issue arrest warrants or file a criminal complaint. *See State v. Blakely*, 402 S.C. 650 (2014) (observing that a prosecutor "has discretion in choosing how to proceed with a case, including whether to prosecute in the first place") (quoting *State v. Langford*, 400 S.C. 421, 435 n. 6 (2012)). The Supreme Court of South Carolina has explained:

> Under the separation of powers doctrine, which is the basis for our form of government, the Executive Branch is vested with the power to decide when and how to prosecute a case. Both the South Carolina Constitution and South Carolina case law place the unfettered discretion to prosecute solely in the prosecutor's hands. The Attorney General as the State's chief

---

[2] In a letter of October 15, 2015, Plaintiff demanded to know "why I haven't been brought to this Court to swear out to my facts" and concluded by insisting "please don't try to tell me that I am not a 'crime victim' when I was arrested and convicted in violation of Rule 3, 4(d)(4) & 5 F.R.Crim.P." (DE# 5).

> prosecutor may decide when and where to present an indictment, and may even decide whether an indictment should be sought.

*State v. Thrift*, 312 S.C. 282, 292 (1994). As Plaintiff is not a prosecutor and lacks the authority vested in such officials, his attempt to file a "Criminal Complaint" is a nullity of no effect. This action should be summarily dismissed.

### B. The Complaint Fails to State a Claim for Relief and is both Frivolous and Malicious

Review of Plaintiff's "Criminal Complaint" and lengthy attachments reflects numerous grounds for dismissal. Even if liberally construed as a "civil" complaint, Plaintiff fails to state a plausible claim for violation of any statutory or constitutional right. Although his allegations are difficult to follow, he appears to allege that his arrest, prosecution, conviction, and unsuccessful petition for habeas corpus render him a "crime victim" under 18 U.S.C. § 3771. Plaintiff's dissatisfaction with the results of his past criminal and civil cases does not mean he is a "crime victim" for purposes of § 3771. This is a mischaracterization. Even if construed as a civil complaint, Plaintiff's Complaint fails to state any plausible claim for relief. The Complaint lacks any arguable basis of law and fact, and therefore, is also frivolous. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 319.

Plaintiff was unsuccessful in obtaining habeas corpus relief in federal court and (again) contends that there is a "conspiracy" against him in violation of 18 U.S.C. § 241.[3] Plaintiff's

---

[3] Title 18, Section 241 "Conspiracy against rights" provides:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

allegation is entirely conclusory. The Complaint is devoid of any facts regarding acts in furtherance of a conspiracy. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). With respect to prisoner suits, the United States Supreme Court has explained that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits … To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 326. The allegations of the present Complaint are repetitive and baseless, both legally and factually.

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 662). The present Complaint fails to meet this minimal pleading standard. Although Plaintiff makes scattered references to assorted statutes and Constitutional rights, his allegations are conclusory and unsupported by factual allegations. The Fourth Circuit Court of Appeals has repeatedly emphasized that a district court should not *sua sponte* develop claims not clearly raised in a complaint. *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); *Gordon*, 574 F.2d at 1151. The Complaint is subject to summary

dismissal for failure to state a plausible claim for relief. Plaintiff's allegations lack any arguable basis either in law or in fact, and thus, are also frivolous. *Dentonz*, 504 U.S. at 31.

Moreover, even liberally construing the Plaintiff's "Criminal Complaint" as a civil action under § 1983, Plaintiff's allegations regarding his 2005 arrest and subsequent conviction are time-barred. Plaintiff has repeatedly been advised of this in his past cases.

C. <u>Judicial and Prosecutorial Immunity</u>

Plaintiff seeks criminal charges against several federal judges for dismissing his petition for habeas corpus. He seeks "restitution" and wants them arrested and imprisoned. Although plaintiff insists that the defendants have "no immunity arising from offices" (DE# 1 at 7), it is well-settled that judges have absolute immunity from claims for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judges are also protected from claims for injunctive relief by § 309(c) of the Federal Courts Improvement Act, Pub.L. No 104–317, 110 Stat. 3847 (1996), which amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity."[4] Plaintiff's previous cases have been dismissed for this same reason, but plaintiff persists in attempting to sue such parties.

Plaintiff is dissatisfied with the denial of his habeas petition, and alleges in conclusory fashion that he was "conspired against." Regardless, judicial immunity is not pierced by allegations of corruption or bad faith, and judges are not deprived of immunity even if their actions were made in error. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judicial immunity is a protection from suit, not just from damages. *Mireless*, 502 U.S. at 11. The judicial defendants are absolutely immune from claims based on their judicial rulings on Plaintiff's habeas corpus petition. Plaintiff's

---

[4] Plaintiff does not seek any injunctive relief.

claims against them are frivolous and subject to summary dismissal. *See, e.g., Evans v. Allbrooks*, 1989 WL 100776 (4th Cir.) (affirming district court's dismissal of complaint against judges as "wholly frivolous"); *Edokobi v. Motz*, 2013 WL 6713290, *2 (D.Md. Dec.18, 2013) (finding that absolute judicial immunity compelled dismissal of case under court's inherent authority to ensure case is not frivolous).

Plaintiff also sues several prosecutors (again) for actions taken in connection with the prosecution of Plaintiff on state criminal charges. The prosecutorial defendants are immune from suit in this case, because prosecutors have absolute immunity for activities in or connected with judicial proceedings, including bond hearings, bail hearings, grand jury proceedings, pre-trial "motions" hearings, and criminal trials. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, even if the Plaintiff's "Criminal Complaint" is liberally construed as a civil complaint, Plaintiff's claims against the prosecutors are barred by immunity.

This Court has repeatedly explained to Plaintiff that absolute immunity bars his claims against judges and prosecutors for acts taken in the course of their official duties. See Case No. 2:14-cv-958, DE# 11 at 8 ("to the extent that Plaintiff seeks injunctive relief against the named Defendants for actions performed as part of the judicial phase of Plaintiff's criminal cases, which were taken in the course of their ordinary and official duties as municipal and magistrate court judges, court administrator, and prosecutors, these Defendants would have judicial, quasi-judicial, and prosecutorial immunity"); and see Case No. 2:14-cv-3215 (summarily dismissing § 1983 action against state judge and prosecutor on multiple grounds, including judicial and prosecutorial immunity from monetary damages).

Plaintiff's "Criminal Complaint" appears to be a disgruntled attempt to vent his anger at various officials and judges, with whose decisions he is displeased. The record reflects that Plaintiff is no stranger to litigation and is well aware of how to file a civil rights action. He has previously filed § 1983 actions against judges and prosecutors and has been repeatedly informed that that such parties are immune from monetary damages. Given that Plaintiff is attempting to have federal judges and prosecutors disbarred, and given that he is attempting to have all ten defendants arrested and imprisoned for fulfilling their official duties, Plaintiff's purported "Criminal Complaint" may properly also be deemed "malicious." See 28 U.S.C. §1915(e)(2)(B).

## V.   Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE#1) be **summarily dismissed** with prejudice; the Complaint fails to state a claim for relief, is both frivolous and malicious, and attempts to sue parties who are immune, and therefore, dismissal of this Complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 10, 2015
Charleston, South Carolina

Petitioner's attention is directed to the *important notice* on the following page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).