IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, ) | |
| ) | C/A No. 2:15-4014-MBS-MGB |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Alan Wilson, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Demetrius Jarod Smalls ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against various prosecutors, attorneys, and judges ("Defendants"). ECF No. 1. Specifically, Plaintiff charges, in what he calls a "Criminal Complaint," that Defendants committed numerous "criminal offenses," including kidnapping, conspiracy to kidnap, obstruction of justice, perjury, conspiracy, conspiracy against rights, extortion, fraud and false statements, depriving person of civil right, and barratry. *Id.* at 1. Plaintiff brings this action under Fed. R. Crim. P. 3, but the court will also consider his claims under 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on November 10, 2015, recommending that Plaintiff's Complaint be summarily dismissed with prejudice. ECF No. 12. Plaintiff filed objections to the Report on December 4, 2015. ECF No. 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff has filed only a general objection to the Report and Recommendation, arguing that the Magistrate Judge should have characterized Plaintiff's Complaint as a criminal matter rather than a civil one. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law.

The Magistrate Judge first analyzed whether Fed. R. Crim. P. 3 provides authority under which Plaintiff may file his Criminal Complaint and "have arrest warrants issued upon probable cause." *See* ECF No. 1 at 1. Citing separation of powers doctrine, the Magistrate Judge determined that only a prosecutor may determine whether to file a criminal complaint. ECF No. 12 at 7-8 (citing *State v. Thrift*, 440 S.E.2d 341 (S.C. 1994)). Additionally, the judges and prosecutors, whom Plaintiff seeks to have arrested, enjoy absolute immunity from such claims. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (prosecutorial immunity); *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (judicial immunity). Thus, the Magistrate Judge properly concluded that Plaintiff had no authority under Fed. R. Crim. P. 3 to file a Criminal Complaint.

Second, the Magistrate Judge considered the merits of Plaintiff's Complaint as if it had been brought as a civil action. 28 U.S.C. § 1915 allows indigent litigants to bring a civil action in federal court without first paying the administrative costs associating with filing such an action. However,

as a protection against abuses, § 1915 allows courts to dismiss an *in forma pauperis* claim if "the action is frivolous" or "fails to state a claim on which relief may be granted." Additionally, § 1915 provides a three-strike provision for claims that are frivolous, malicious, or failing to state a ground upon which relief may be granted; on the third-strike, an offending plaintiff will have to pay all filing fees up front for subsequent lawsuits. *See Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), *as amended* (Oct. 22, 2013).

Plaintiff appears to allege that Defendants, who were involved in his arrest, prosecution, conviction, and unsuccessful habeas petition, committed offenses against Plaintiff, rendering him a "crime victim" as defined under 18 U.S.C. § 3771 ("a person directly and proximately harmed as a result of the commission of a Federal offense . . . ."). However, Plaintiff's allegations are too vague and conclusory to plausibly suggest that Defendants committed criminal offenses.

Affording Plaintiff's Complaint a liberal construction, as courts are instructed to do in *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Magistrate Judge also analyzed Plaintiff's claims under 42 U.S.C. § 1983. Though a failure to expressly invoke § 1983 will not prevent a complaint from proceeding, the complaint must still "plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Plaintiff makes no allegation to support a claim that his constitutional rights were violated. The court finds that the Magistrate Judge properly concluded that Plaintiff's Criminal Complaint should be dismissed.

Finally, citing Plaintiff's two previous habeas petitions and four previous civil rights actions brought against Defendants, the Magistrate Judge recommended that the instant action count as one "strike" against Plaintiff under § 1915's three-strike provision.

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. This matter is **SUMMARILY DISMISSED**, with prejudice. This summary dismissal shall be deemed a "strike" for the purposes of 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

        s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

May 10, 2016
Columbia, South Carolina